**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4086**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

DONALD W. LOPER, III,

             Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.   Thomas E. Johnston, District Judge.  (5:07-cr-00067-2)

Submitted:  September 16, 2008     Decided:  September 26, 2008

Before TRAXLER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Troy N. Giatras, THE GIATRAS LAW FIRM, PLLC, Charleston, West Virginia, for Appellant.   Charles T. Miller, United States Attorney, John L. File, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald W. Loper, III, pled guilty to conspiracy to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2000), and was sentenced to 98 months of imprisonment. On appeal, Loper argues that the district court failed to articulate the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008) factors it considered in determining his sentence. We affirm Loper's sentence.

Appellate courts review sentences imposed by district courts for reasonableness, applying an abuse of discretion standard. <u>Gall v. United States</u>, 128 S. Ct. 586, 597-98 (2007); <u>United States v. Pauley</u>, 511 F.3d 468, 473-74 (4th Cir. 2007) (discussing procedure district courts must follow in sentencing defendant). Here, the district court properly calculated the guideline range and correctly treated the sentencing guidelines as advisory.

Loper maintains that the district court not only failed to articulate the § 3553(a) sentencing factors it considered in imposing his sentence, but that there is also no indication in the record that the district court considered the sentencing factors with any particularity to him. Due to the district court's alleged failure to articulate the sentencing factors, Loper argues that he received a *de facto* mandatory sentence under the guidelines.

The district court "need not robotically tick through § 3553(a)'s every subsection" but should "provide [this court] an assurance that the sentencing court considered the § 3553(a) factors with regard to the particular defendant . . . . " United States v. Moulden, 478 F.3d 652, 657 (4th Cir. 2007). Here, the district court explained that it had considered the § 3553(a) factors and the advisory guideline range. Moreover, it stated that it believed the sentence was appropriate given the amount of drugs involved in this case, Loper's significant criminal history, and the fact that Loper was involved in bringing drugs into West Virginia from out of state. We find that the district court adequately considered the § 3553(a) factors.

Further, we find that the 98-month sentence, which is within the advisory guidelines range, and well below the forty-year statutory maximum sentence, see 21 U.S.C. § 841(b)(1)(B) (2000), is reasonable. See Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness of within-guideline sentence); United States v. Abu Ali, 528 F.3d 210, 261 (2008). Accordingly, we affirm Loper's sentence. We dispense with oral argument because the facts and legal contentions are adequately addressed in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3